IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Michael Gilstrap, | ) |
|               Petitioner, | ) C.A. No. 6:09-484-MBS ) ) |
| vs. | ) ) **ORDER AND OPINION** |
| Federal Bureau of Prisons; and Warden M. Mitchell, | ) ) ) |
|               Respondents. | ) |

## **FACTS**

Petitioner, Michael Gilstrap is a federal prisoner who is currently housed at the Federal Correctional Institution ("FCI") Edgefield, South Carolina, and has a projected release date of October 6, 2010. On January 24, 2007, Petitioner was sentenced to a 46-month term of imprisonment in the United States District Court for the District of South Carolina, for conspiracy to possess with intent to distribute and distribution of 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. On June 25, 2008, Petitioner began participating in the Residential Drug Abuse Program ("RDAP"). On or about August 1, 2008, Petitioner inquired as to whether he would be eligible for early release upon successful completion of RDAP. Petitioner was informed that he was ineligible for early release under Program Statement 5162.04 § 7(b) because he was convicted under 21 U.S.C. § 846 and had a two-level enhancement for possession of a weapon.

On February 27, 2009, Petitioner, appearing *pro se*, filed an action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus and challenging the Bureau of Prison's ("BOP") determination that he is ineligible for early release upon successful completion of the RDAP. On

May 26, 2009, Respondents, the BOP and Mary M. Mitchell, Warden at FCI Edgefield, filed a motion for summary judgment, and conceded that Petitioner has properly exhausted his administrative remedies. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on May 27, 2009, advising Petitioner of the summary judgment procedure and the possible consequences if he failed to respond adequately. On June 12, 2009, Petitioner responded to this motion.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge William M. Catoe for pretrial handling. On October 15, 2009, the Magistrate Judge filed a Report and Recommendation recommending that Respondents' motion for summary judgment be granted. The Magistrate Judge specifically found that the BOP's rationale for the exclusion of those prisoners who have a sentence enhancement for possession of a weapon from early release consideration was a valid exercise of the BOP's discretion. Petitioner filed objections to the Report and Recommendation on October 29, 2009. Petitioner asserts in his objections that: 1) he is entitled to consideration for early release because he did not commit a crime of violence, and 2) the exclusion of those prisoners who have a sentence enhancement for possession of a weapon from early release consideration is an abuse of agency discretion and contrary to 18 U.S.C. SS 3621(e)(2)(B).

## **DISCUSSION**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination on any portions of the Report and Recommendation to which a specific

objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

I.      **Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if proof of its existence or nonexistence would affect the disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

II.     **The Validity of the BOP's Determination**

The court reads Petitioner's objections to argue that: 1) the BOP cannot, pursuant to 18 U.S.C. § 3621(e)(2)(B), categorically determine that certain groups of inmates who otherwise meet the prerequisites for early release under § 3621(e)(2)(B) are ineligible for early release, and 2) the BOP's categorical exclusion of prisoners convicted under § 846 with a sentence enhancement for possession of a weapon from early release consideration is an abuse of agency discretion. The court notes that Petitioner has raised no issues of fact and that the court can decide these issues as a matter of law.

A.     Background

In the Violent Crime Control and Law Enforcement Act ("VCCLEA") of 1994, Congress granted the Director of the BOP discretion to grant early release to inmates convicted of nonviolent offenses who successfully complete a residential drug treatment program. *See* 18 U.S.C. § 3621(e)(2)(B). Title 18 U.S.C. Section 3621(e)(2)(B) specifically states: "[t]he period a

prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." (emphasis added). The BOP has promulgated regulations to implement this Congressional grant of discretion. *See* 28 C.F.R. § 550.50 *et seq*. These regulations define the process for early release consideration and the categorical exercise of discretion to deny early release in certain situations. *Id.*

These regulations were originally promulgated in 1995. In 1997, the BOP promulgated new regulations. The 1997 regulations provided that as an exercise of the discretion of the Director of BOP under § 3621(e)(2)(B), certain categories of inmates were not eligible for early release. 28 C.F.R. § 550.58(a). In October of 1997, the BOP adopted Program Statement No. 5162.04, "Categorization of Offenses," which included a list of offenses that pursuant to the Director's discretion under § 3621 (e)(2)(B) shall preclude an inmate's receiving certain Bureau program benefits including early release pursuant to § 3621(e)(2)(B). Under section 7(b) of this program statement, an inmate who was convicted of 21 U.S.C. § 846 and received a two-level enhancement for possession of a dangerous weapon is excluded from consideration for early release. In the case of *Lopez v. Davis*, the Supreme Court directly addressed the issue of whether the 1997 regulations were permissible. *See Lopez v. Davis*, 531 U.S. 230, 238 (2001). The Court presented the issue of the case as "whether the Bureau has discretion to delineate, as an additional category of ineligible inmates, those whose current offense is a felony involving a firearm." *Id.* The Court held that this was a valid exercise of the BOP's discretion *Id.* at 242, 244.

As of March 16, 2009, the BOP adopted a new version of this regulation, codified at 28

C.F.R. § 550.55, and an updated Program Statement, which continues to list a conviction under § 846 with a two level sentencing enhancement for possession of a dangerous weapon as excluding prisoners from consideration for early release. *See* Program Statement No. 5162.05 §4(b). Section 550.55 and Program Statement 5162.05 are, in all respects relevant to this case, identical to their former versions at § 550.58 and Program Statement 5262.04. *See Hicks v. Fed. Bur. of Prisons*, 603 F. Supp. 2d 835, 839 n.3 (D.S.C. 2009).

### B. Validity of Categorical Exclusions

The first issue the court must address is whether the BOP can, pursuant to 18 U.S.C. § 3621(e)(2)(B), categorically determine that certain groups of inmates who meet the prerequisites for early release under § 3621(e)(2)(B) are ineligible for early release. In *Lopez v. Davis*, 531 U.S. 230, 242 (2001), the Supreme Court specifically concluded that the BOP may make categorical exclusions pursuant to its discretion under § 3621(e)(2)(B). *Id.* at 243-44. In making this determination, the Court noted that decisionmakers can resolve issues of general applicability through rulemaking, and that rulemaking in these circumstances prevents favoritism, disunity, and inconsistency. *Id.* at 244. Thus, Petitioner's objection to the BOP's categorical denial of consideration for early release to certain categories of inmates is without merit.

### C. Validity of Program Statement 5162.05

The second issue the court must address is whether the BOP's categorical exclusion of prisoners convicted under § 846 with a sentence enhancement for the use or threatened use of force from early release consideration in Program Statement 5162.05 (formerly 5162.04), is an abuse of agency discretion. Petitioner argues that his exclusion from consideration for early

release is an abuse of BOP's discretion because it contravenes the unambiguous language of the statute and Congress's intent to give prisoners who have been convicted of nonviolent offenses an incentive to participate in the RDAP program.

The statute and codified regulations fail to completely state how the BOP will exercise its discretion. *See* 8 U.S.C. 3621(e)(2)(B); 28 C.F.R. § 550.55. This gap is filled by Program Statement 5162.05. Section 4(b) of this Program Statement excludes from early release consideration prisoners convicted under § 846 if the prisoner received a specific offense characteristic enhancement for the use or threatened use of force. Program Statement 5162.05 4(b). Petitioner's offense-conspiracy to possess with intent to distribute and distribution of 500 grams or more of cocaine, in violation of 21 U.S.C. § 846, with a two-level enhancement for possession of a firearm-is encompassed by this exclusion. Thus, the court must decide whether the BOP's listing of Petitioner's offense in its Program Statements is consistent with Congress's mandate.

The Fourth Circuit has ruled that the BOP's Program Statements are internal agency guidelines that are entitled to respect under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944). *See Cunningham*, 259 F.3d at 306. Under *Skidmore*, an agency interpretation is given respect based upon its power to persuade. *Id.* Courts are to consider the body of experience of the agency, the thoroughness of the agency's consideration, the validity of the agency's reasoning, the interpretation's consistency with earlier and later pronouncements and all other factors which give the internal guideline power to persuade. *Id.* at 306-07.

In *Cunningham v. Scibana*, 259 F.3d 303 (4th Cir. 2001), the court found that the BOP's former Program Statement No. 5162.04 was entitled to respect under *Skidmore* in part because

6

the BOP has accumulated experience that allows it to make "informed decisions about penological objectives, including punishment and rehabilitation." *Id.* at 308. This finding holds true in this case as well. In addition, the court finds that the BOP's decision to exclude from consideration for early release prisoners convicted under § 846 with a sentence enhancement for possession of a weapon from early release consideration is supported by sound reasoning. First, it is important to note that these rules promote fairness, consistency, and transparency in the exercise of the BOP's broad discretion in granting early release pursuant to § 3621(e)(2)(B). *See Lopez v. Davis*, 531 U.S. at 244. Second, the BOP's determination that the combination of a conviction under § 846 and a sentence enhancement for the use or threatened use of force precludes consideration for early release is a reasonable way of promoting § 3621's "twin goals of providing an incentive for certain prisoners to undergo drug treatment while at the same time protecting the public from potentially violent criminals." *See Cunningham*, 259 F.3d at 308. The BOP's implicit conclusion is that prisoners who are convicted under § 846 and were given a sentence enhancement for the use or threatened use of force are dangerous to the public and should serve their full sentences. The BOP's vast experience in the area and the nature of the offense convince the court that this conclusion is appropriate. Thus, Petitioner's claim that the BOP's determination is contrary to the goals of the statute is without merit.

  Moreover, the BOP has been consistent in its position that a conviction under § 846 in combination with a sentence enhancement for the possession of a firearm precludes consideration for the early release benefit. *See* Program Statement 5162.04 § 7(b); *cf.* Program Statement 5162.05 § 4(b). Thus, the court holds that the BOP's decision to exclude Petitioner from consideration for early release is a proper exercise of the BOP's discretion.

## **CONCLUSION**

Based on the forgoing, the court **grants** Respondents' motion for summary judgment (Entry 16). The court adopts and incorporates herein by reference the Report and Recommendation of the Magistrate Judge to the extent that it is not inconsistent with the court's ruling.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
United States District Judge

December 16, 2009
Columbia, South Carolina